UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATRINNA SHANNON, ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-00339 |
| ) | |
| v. ) | |
| ) | |
| CADENCE EDUCATION, LLC, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |
| ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Latrinna Shannon ("Plaintiff"), by and through the undersigned counsel, filing this Complaint against Cadence Education, LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's race discrimination and retaliation under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42

U.S.C §2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent have been fulfilled or been complied with.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of her receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff resided in DuPage County, Illinois.

11. At all times material to the allegations in this Complaint, Defendant was a corporation doing business in and for DuPage County, Illinois, whose address is 1280 Kuhn Road, Carol Stream, IL 60588.

12. At all times relevant, Plaintiff was employed and worked at Defendant's location at 1280 Kuhn Road., Carol Stream, IL 60588.

## BACKGROUND FACTS

13. Plaintiff (African-American/Black) began working for Defendant as an Assistant Director on or about January 3, 2020.

14. Since at least January 2022 through August 17, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class, African-American/Black.

15. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

16. Plaintiff was required to be certified for her position. Defendant advised Plaintiff she would receive her certification.

17. In January 2022, Plaintiff's manager, "Jamie Rice" (Caucasian/White), certified all non-African-American/Black employees, leaving out Plaintiff and her African-American colleague.

18. Consequently, Plaintiff inquired as to why she and her African-American colleague were not certified. Ms. Rice responded that she believed the colleague would not pass. Plaintiff then asked why she had not yet been certified and Ms. Rice abruptly ended the conversation and walked away.

19. On February 1, 2022, Plaintiff gave an African-American family a tour of the school. The family pointed out the lack of Black History Month décor. Plaintiff spoke with Ms. Rice about the lack of décor; however, Ms. Rice ignored Plaintiff's concerns and reported Plaintiff to Human Resources, stating Plaintiff's question made her uncomfortable. When Human Resources recommended Plaintiff be put in charge of holiday celebrations, Ms. Rice ignored the directive.

20. Subsequently, the school celebrated non-traditionally African-American/Black holidays such as Chinese New Year and Cinco de Mayo.

21. Around April 2022, Ms. Rice requested Plaintiff assist her in the kitchen. Upon

entering the kitchen, Plaintiff heard Ms. Rice listening to music that included the N-word. Ms. Rice was singing along with the music and used the N-word. Plaintiff was extremely offended by the use of the N-word and informed Ms. Rice that it made her uncomfortable and requested Ms. Rice not use that word. Ms. Rice ignored Plaintiff's pleas and continued using the N-word.

22. Around August 2022, Plaintiff reported her concerns to Human Resources and submitted a formal complaint.

23. Subsequently, on or around August 10, 2022, Plaintiff was placed on suspension.

24. On or around August 17, 2022, Plaintiff was terminated from her position.

25. Plaintiff was terminated from her employment for engaging in protected activity, lodging a formal discrimination complaint to Human Resources.

## COUNT I
### Race-Based Discrimination in Violation of 42 U.S.C. § 1981

26. Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

27. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

28. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

29. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

30. Defendant's unlawful conduct resulted in considerable harm and adverse

4

employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. Race-Based Discrimination

31. Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

32. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

33. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

34. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

35. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Race-Based Harassment

36. Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

37. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race (African-American), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

38. Defendant knew or should have known of the harassment.

39. The race harassment was severe or pervasive.

40. The race harassment was offensive subjectively and objectively.

41. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race (African-American).

42. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violation of 42 U.S.C. § 2000e, *et seq.*
### Retaliation

43. Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

44. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

45. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

46. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination.

47. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

48. Defendant then terminated Plaintiff.

49. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her

reporting the race-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

50. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

51. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 20th day of January, 2023.

/s/ *Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1972
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*